CATHERINE RAJNOWSKI, ADMINISTRATRIX, ETC., v. THE
DETROIT, BAY CITY & ALPENA RAILROAD COMPANY.

[See 74 Mich. 20.]

*Negligence—Assignment of interest in suit as security.*

1. An assignment of plaintiff's claim for damages in a pending
   suit, to secure her attorneys for their services, is not a bar to
   its continued prosecution in plaintiff's name.
2. In this case it is held that the record is substantially the same
   as on the former hearing, and presented issues for the consid-
   eration of the jury, and that their finding cannot be disturbed.

Error to Alpena. (Kelley, J.) Argued November 6 and
7, 1889. Decided December 28, 1889.

Case. Defendant brings error. Affirmed. The facts
are stated in the opinion.

*A. M. Henry* (*John C. Shields,* of counsel), for appel-
lant.

*Cobb & Currier* (*Depew & Rutherford,* of counsel), for
plaintiff.

[Reference is had to the opinion, and a former report
of case in 74 Mich. 20, for the points and authorities of
counsel.—REPORTER.]

LONG, J. This case was before this Court at the Jan-
uary term, 1889, and is reported in 74 Mich. 20 (41 N.
W. Rep. 847). The cause was retried in the Alpena
circuit court, where plaintiff had judgment for $1,500.
Defendant brings error. The facts are quite fully stated
in the former opinion, and need not be restated.

The claim of defendant's counsel now is:

1. No negligence amounting to a cause of action was made out against the defendant.

2. The plaintiff throughout the entire trial relied for a recovery upon the claimed negligence of the defendant in allowing the engine No. 16 to get out of repair, and every particle and *scintilla* of proof was directed to the establishment of that claim; but the jury find that the engine was in good repair.

3. The plaintiff parted by assignment to her attorneys of all interest she had in the suit.

4. Contributory negligence would, at any rate, prevent a recovery.

The case presents but few new features from those presented on the former record, so far as the testimony goes that was offered and received, except that Mr. A. L. Powers, chief of the fire department of Alpena, who was called as a witness for the defendant, gave it as his opinion that the fire originated inside the house.

The first proposition of the counsel for defendant was fully met and answered by Mr. Justice CHAMPLIN in his opinion on the former hearing, in which he said:

"It is also claimed that the injury resulting to plaintiff's intestate is too remote from the neglect charged to constitute a liability on the part of the defendant. In this position we cannot agree. Neither can we agree that there was a new and independent cause of the death of the intestate other than that caused by the negligence of the defendant. If, through the negligence of defendant, sparks and cinders, alive with fire, escaped from its engine, and set fire to the house, defendant is liable for all the loss of life and property which was destroyed by such fire, without any contributory negligence on the part of the party bringing the action."

The evidence in the present record presented by the plaintiff is substantially the same as on the former hearing, and we think presented issues for the consideration of the jury.

The second point made by counsel has reference to the finding of the jury upon the special questions presented by counsel for defendant, as follows:

"1. If you find the defendant was guilty of negligence causing the death, state what was the particular act of neglect or default it was guilty of.

"2. Was the engine inspected by Smith the Sunday after the fire, and found by him in good repair?

"3. How long was it after Mrs. Zielinski found the house was on fire before the arrival of the fire department?"

To the first question the jury answered, "Negligence of the engineer;" to the second they said, "We believe it was;" and to the third, "We cannot tell."

The declaration not only counts upon the negligence of defendant in permitting its engine to be out of repair, but also in its bad management by the engineer. The charge of the court, referring to this branch of the case, shows how the case was viewed upon the trial, and that at least the trial court thought there was some evidence to go to the jury upon either branch of the case made by the declaration. The court, in speaking in its charge of the condition of the engine, and the negligence of the engineer, said:

"And if you determine that it was not in that condition, and that it was out of repair; that the defendant had been negligent and was negligent in operating this locomotive in a condition that permitted it to throw off unusual quantities of fire, large sparks, and sufficient to ignite the building,—then I say to you it would be an act of negligence," etc.

From an examination of the record, I am satisfied there was some evidence to go to the jury upon both theories,—that of the defective condition of the engine at the time of the fire, and the improper manner of operating it by the engineer. Upon this latter branch the jury have found that that was the primary cause of the fire, but their answer to the special question put does not of itself negative the idea that the engineer was running the engine while it was in a defective con-

dition. In fact, the jury must have had in mind, in considering this question, the defective condition of the engine, as well as the negligence of the engineer in operating it in that condition. We see no error in the charge, and there was some evidence to support the verdict and special finding of the jury. As was said by Mr. Justice CAMPBELL in the case brought by the same plaintiff against the company to recover for the value of the goods destroyed in the same building, reported in 74 Mich. 15 (41 N. W. Rep. 849):

"There was very strong testimony to the effect that the engine was in perfect order and properly managed, and that no such scattering of fire as was charged was probable or possible. But there was, on the other hand, testimony equally positive of such an escape of fire as indicated both a defective spark-arrester and careless management."

The claim made that the plaintiff had parted with her interest in the suit has little force. Evidently the assignment was made by way of security merely, and we see no objection to the suit being carried on in the name of the plaintiff.

The claim that the plaintiff was guilty of such contributory negligence as to prevent a recovery was one for the jury, and fairly submitted, and need not be discussed.

Defendant's counsel also claim that the testimony showed conclusively that the fire caught from inside the house. While there was testimony pointing strongly to that theory of the origin of the fire, yet the question was fairly submitted to the jury, and they have determined otherwise, under the facts presented by the evidence, and their finding cannot be disturbed.

We find no error in the record, and the judgment must be affirmed, with costs.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred.