86   197
119   617

T. O. McKenna, Appellant, v. Karl Baessler *et al.*, Appellees.

1. **Negligence**: FIRE SET OUT ON PRAIRIE: DESTRUCTION OF PROPERTY BY BACK FIRE: PROXIMATE CAUSE. One who sets out a fire upon a prairie for the purpose of burning weeds and grass, between the dates when such fires are prohibited by section 3890 of the Code, is liable for damage to property from a back fire set out by the owner, with a view to protecting said property from the original fire, where it appears that said property would have been thus damaged by the original fire had the back fire not been set out.

*Appeal from Humboldt District Court.*—Hon. George H. Carr, Judge.

Saturday, October 8, 1892.

Action to recover damages for negligently setting fire to weeds and dry grass upon certain prairie land of the defendants, and permitting the same to escape from their control. There was a demurrer to the petition, which was sustained, and judgment rendered for the defendants for costs. The plaintiff appeals.—*Reversed.*

*A. D. Bicknell* and *F. M. Miles*, for appellant.

*Prouty & Coyle*, for appellees.

Rothrock, J.—As the appeal comes to us upon the order sustaining the demurrer, it will be necessary to set out the alleged cause of action. It is averred in the petition that the defendants on the eighteenth day of April, 1892, "negligently, carelessly, willfully and without using proper caution, and contrary to law, set fire to certain weeds and grass upon the prairie, and upon their own premises in Humboldt county, and allowed said fire to escape from their control;" that

the plaintiff is a farmer, and that said fire "burned from the place where it was so set out about one mile north, up to the outbuildings of the plaintiff, and the same came with such body and force that, unless the same had been at once checked, it would then have destroyed all of said property; that, when said fire was first discovered by the plaintiff, it was approaching the plaintiff's said property with great speed, and distant therefrom not more than thirty rods; that the plaintiff, in order to protect and save his said property from said fire, at once set out a back fire, but, though the plaintiff used all due caution and proper care to prevent said back fire from escaping, the said fire so set out by the defendants came upon the plaintiff before he had completed the protection to his said property by said back fire, and the heat and smoke from the fire set out as aforesaid by the defendants drove the plaintiff away, and the said back fire escaped from the plaintiff's control without fault on his part, and, reaching said property, the same was totally burned up and destroyed; that, if the plaintiff had not set out said back fire, the fire set by the defendants would have reached and burned the said property in a time not to exceed ten minutes later than the time the said property was reached by said back fire, and said property would have been, in that event, totally destroyed, the same as it was, together with other property that was saved by the plaintiff's efforts. And the setting out of said back fire was necessary to protect the property that was destroyed, and the setting of said back fire was the only means present and possible at the time, and available, by which said property could have been protected from the fire set by the defendants as aforesaid."

The demurrer was as follows: "That the facts stated in the petition of the plaintiff do not entitle the plaintiff to the relief demanded, for the reason that they show upon their face that property of the plaintiff

was not destroyed by any act, directly or indirectly, of the defendants; but that, on the contrary, the property of the plaintiff was destroyed by the fire started by the plaintiff himself.''

Section 3890 of the Code is as follows:    ''If any person set fire to and burn, or cause to be burned, any prairie or timber land, and allow such fire to escape from his control, between the first day of September in any year and the first day of May following, he shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by imprisonment in the county jail not more than thirty days, or by fine not exceeding one hundred dollars.''    In *Conn v. May*, 36 Iowa, 241, it was held that, under this section of the Code, a person setting out fire, and burning or causing to be burned any timber or prairie land between the dates mentioned in the statute, is absolutely liable for damages caused by its escape to and on the premises of another, regardless of the question of diligence.    From the averments of the petition and the argument of the appellant, we infer that some claim of recovery is based upon section 3889 of the Code, which provides a penalty for willfully, and without using proper caution, setting fire to any prairie or timber land by which the property of another is injured or destroyed.    The question appears to be made that the measure of liability for property destroyed would be greater, by reason of the fire having been willfully or purposely set out, than it would by allowing it to escape.    It is not necessary, however, to determine that question, in the view we take of this case.

The real question is, was the property of the plaintiff destroyed by an independent, intervening cause, so that the loss sustained by the plaintiff was not the natural and proximate consequence of the act complained of?    It is far easier to lay down the proposition than to apply it to a particular case.    As is said

in Sedgwick on Damages, 66: "When we come to analyze causes and effects, and undertake to decide what is the natural result of a given act, and what is to be regarded as unnatural,—what is proximate and what is remote,—we shall find ourselves involved in serious difficulty." In the case of the *Louisiana Mutual Insurance Co. v. Tweed*, 7 Wall. 49, it is said: "We have had cited to us a general review of the doctrine of proximate and remote causes as it has arisen and has been decided in the courts in a great variety of cases. It would be an unprofitable labor to enter into an examination of these cases. If we could deduce from these the best possible expression of the rule, it would remain after all to decide each case largely upon the special facts belonging to it, and often upon the very nicest discriminations." In determining this case, it is a most important fact to be kept in mind that the plaintiff's property would surely have been destroyed by the fire set out by the defendants, if the plaintiff had remained idle. He would have been a mere spectator, looking on at the destruction of his own property. It was not only his lawful right, but his duty, to use all reasonable and proper means to arrest the disaster. Every person is bound to use due diligence to save himself from injury by the negligent act of another. *Little v. McGuire*, 43 Iowa, 447; *Keirnan v. Heaton*, 69 Iowa, 136; *Raridan v. Central Iowa Railway Co.*, 69 Iowa, 527. When plaintiff kindled the back fire, and thereby sought to save his buildings, he was in the strict line of duty, not only in attempting to save his property, but to save the defendants from an absolute liability for damages. It was his duty to fight the fire with fire or water, or in any way, so that his efforts in that direction were reasonable and proper.

It is not necessary that the fire should have been continuous to render the defendants liable. If it leaped a road or a ditch, and continued on its course, the defendants would be liable. Where fire is negli-

gently communicated to one building, and from that to another, the damages are not too remote to preclude recovery by the owner of the latter building from the person liable for the origin of the fire. *Small v. C. R. I. & P. R'y Co.*, 55 Iowa, 582. And in a case where the defendant negligently left his horses on the street unsecured, and they ran away, and people in the street, in their efforts to stop them, caused them to swerve from their course and collide with another team properly tied, and this team ran away and injured the plaintiff's horse, it was held that the defendant was liable, because although the immediate cause of the injury was the collision with the second team, yet the first wrongful act of the defendant in negligently leaving his team unfastened was the primary and efficient cause acting through subsequent events. *Griggs v. Fleckenstein*, 14 Minn. 81, (Gil. 62.)

In the case of *Liming v. Illinois Central R'y Co.*, 81 Iowa, 246, where a fire was negligently set out by one of defendant's engines and spread to the barn of one Ortman, and the plaintiff assisted Ortman in endeavoring to arrest the spread of the fire, but without success, and then attempted to remove Ortman's horses from the barn, and, while thus engaged the fire reached the barn and in order to escape, the plaintiff was compelled to and did pass through the fire, by which he was severely burned, it was held that the injuries to the plaintiff were the proximate consequence of the act of setting out the fire, and that the plaintiff was entitled to recover. It appears to us that the case at bar, while not exactly parallel in matter of fact, yet is within the rule of the cited case. The immediate cause of the injury to the plaintiff in the cited case was that he entered the barn of his neighbor with the commendable purpose of saving his horses. If he had kept out of the barn he would not have been injured. In the case at bar the immediate cause of the loss was the

back fire set out by the plaintiff. But it was in the performance of a lawful duty, and it arrested the disaster for ten minutes only, and in no manner affected the liability of the defendants.

We think the demurrer to the petition should have been overruled. REVERSED.