THOMAS BERG v. GREAT NORTHERN RAILWAY COMPANY.[1]

BREDE C. ANDSETH v. SAME.

December 2, 1897.

Nos. 10,806, 10,807—(157, 158).

Fire—Negligence—Proximate Cause of Injury—Action.
  One who, without negligence on his own part, makes an effort to save his own property in danger of destruction by fire negligently set by another and, in so doing, is personally injured by the fire, may recover for such injuries from the person who set the fire. The negligent setting of the fire is the proximate cause of the injury.

Same—Evidence of Contributory Negligence.
  But held that the evidence justified the trial court in finding that the plaintiffs were guilty of contributory negligence in unreasonably or recklessly exposing themselves to danger.

Actions in the district court for Clay county to recover $2,000 each for personal injuries suffered by the plaintiffs respectively. The cases were tried together, it being stipulated in open court that the amount, if any, to be recovered in the Andseth case should be $850. From a judgment for defendant entered pursuant to findings and an order for judgment, Baxter, J., each plaintiff appealed. Affirmed in both cases.

[1] Reported in 73 N. W. 648.

After service of the notices of appeal, it was stipulated between the attorneys of the respective parties that, "the evidence produced on the trial of the above entitled actions in the court below being identical in all respects," only one return need be made and that return should be considered as a return in both cases, and that "appellants be required to have returned to the supreme court only the evidence produced on the part of the plaintiff, and that the defendant's evidence may be omitted from said return."

*Chas. S. Marden* and *M. R. Tyler,* for appellants.

Defendant's negligence was the proximate cause of plaintiffs' injuries. Where there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect and proximate to it. Milwaukee v. Kellogg, 94 U. S. 469; Jordan v. Wyatt, 4 Grat. 151; Higgins v. Dewey, 107 Mass. 494; Atchison v. Stanford, 12 Kan. 354; Atchison v. Bales, 16 Kan. 252; Poeppers v. Missouri, 67 Mo. 715; Kellogg v. Chicago, 26 Wis. 223; Hoyt v. Jeffers, 30 Mich. 181. It may be claimed by defendant that it is not liable for what it could not reasonably have anticipated; but see Schumaker v. St. Paul, 46 Minn. 39; Purcell v. St. Paul, 48 Minn. 134; Krippner v. Biebl, 28 Minn. 139; Poeppers v. Missouri, supra; Northern v. Lewis, 51 Fed. 658; Chicago v. Williams, 131 Ind. 30; Page v. Bucksport, 64 Me. 51; Stickney v. Town, 30 Vt. 738; Liming v. Illinois, 81 Iowa, 246.

There was no contributory negligence on the part of plaintiffs which can defeat their right of recovery in these cases. Shearman & Redfield, Neg. § 28; Missouri v. Wylie (Tex. Civ. App.) 26 S. W. 85; Henry v. Cleveland, 67 Fed. 426; Rexter v. Starin, 73 N. Y. 601; Wasmer v. Delaware, 80 N. Y. 212; The Ella B., 19 Fed. 792. As to the final act of plaintiffs in going through the fire in the direction they did, the locality in the other direction being covered by long thick grass, which plaintiffs believed would have been fatal to them, see Cody v. New York, 151 Mass. 462; Coulter v. American, 56 N. Y. 585; Pennsylvania v. Varnau (Pa. St.) 15 Atl. 624; Wilson v. Northern, 26 Minn. 278; Mark v. St. Paul, 30 Minn. 493.

*Wm. R. Begg,* for respondent.

On appeal from a judgment the judgment roll only can be re-

70 M.—18

viewed.   G. S. 1894, § 6135;  Keegan v. Peterson, 24 Minn. 1.   If a statement of the case is made, the same may be attached to the roll. G. S. 1894, § 5423.   The case, in order to be made a part of the judgment roll, must be settled and allowed by the court.   Stipulation of counsel is not sufficient.   G. S. 1894, § 5400;  Abrahams v. Sheehan, 27 Minn. 401;  Claflin v. Lawler, 1 Minn. 231 (297);  Saint v. Vandall, 1 Minn. 195 (246);  Robinson v. Bartlett, 11 Minn. 302 (410);  Daniels v. Winslow, 2 Minn. 93 (113).   Recital by the court in its findings of stipulations or evidence, does not supply the want of a settled case. Stewart v. Cooley, 23 Minn. 347;  Osborne v. Williams, 39 Minn. 353;  Coolbaugh v. Roemer, 32 Minn. 445;  Stone v. Johnson, 30 Minn. 16.   An order granting a new trial sets aside the trial with all its evidence and proceedings.   St. Anthony v. Graham, 67 Minn. 318;  Hemstad v. Hall, 64 Minn. 136.   There being no case or bill of exceptions to present the question of the sufficiency of the evidence, the judgments must be affirmed.   Thompson v. Lamb, 33 Minn. 196;  Flibotte v. Mullen, 36 Minn. 144;  Bazille v. Ullman, 2 Minn. 110 (134).

، The findings of the court on matters of fact, like the verdict of a jury, are conclusive, if there is any evidence reasonably tending to support them.   Knoblauch v. Kronschnabel, 18 Minn. 272 (300); Altman v. Graham, 22 Minn. 531; Dixon v. Merritt, 6 Minn. 98 (160); Webb v. Kennedy, 20 Minn. 374 (419);  Schmidt v. Grace, 23 Minn. 238;  Fleming v. Alden, 44 Minn. 493.   Where the evidence is of such a nature that different inferences may reasonably be drawn therefrom, it raises a question of fact and the finding of the court below will not be disturbed on appeal.   Tipper v. Ritchie, 51 Minn. 253;  Town v. Demars, 51 Minn. 268;  Eich v. Taylor, 17 Minn. 145 (172);  Linn v. Rugg, 19 Minn. 145 (181).

In voluntarily placing themselves in a place of danger and heedlessly remaining there, appellants were guilty of such negligence as bars their recovery.   Chicago v. Halsey, 133 Ill. 248;  Pennsylvania v. Aiken, 130 Pa. St. 380;  Noyes v. Southern, 92 Cal. 285.;  Abend v. Terre Haute, 111 Ill. 202;  Goldstein v. Chicago, 46 Wis. 404;  Railroad v. Depew, 40 Oh. St. 121;  Cook v. Johnston, 58 Mich. 437; Writt v. Girard, 91 Wis. 496;  City v. Magill, 101 Pa. St. 616;  City v. Krouse, 64 Ill. 19;  Durkin v. City, 61 Barb. 437;  Culbertson v.

Milwaukee, 88 Wis. 567; Grimmer v. Pennsylvania, 175 Pa. St. 1. Such negligence, if not matter of law, was matter of fact for the trial court and its finding is conclusive. Tobey v. Burlington, 94 Iowa, 256; Dewire v. Bailey, 131 Mass. 169; Linnehan v. Sampson, 126 Mass. 506; Harris v. Clinton, 64 Mich. 447, 31 N. W. 425 and cases cited 428; Cottrill v. Chicago, 47 Wis. 634; Kelley v. Town, 31 Wis. 179; Henry v. Cleveland, 67 Fed. 426. The doctrine of "imminent peril" only applies where the party injured is placed in imminent peril without his fault, and by the negligence of the party whose act causes him injury. Noyes v. Southern, supra; Pennsylvania v. Aiken, supra; Cook v. Johnston, supra.

Whether an act is or is not the proximate cause of an injury, is a question of fact. Milwaukee v. Kellogg, 94 U. S. 469. The voluntary and intelligent act of an independent will breaks the causal connection between the original wrong and the injury, and becomes itself the proximate cause. Pike v. Grand, 39 Fed. 255; Seale v. Gulf, 65 Tex. 274; Cook v. Johnston, supra; Henry v. Cleveland, supra; Scott v. Shepard, 1 Smith, Lead. Cas. 754; Lowery v. Western, 60 N. Y. 198; Railway v. Staley, 41 Oh. St. 118; Lewis v. Flint, 54 Mich. 55; Scheffer v. Railroad, 105 U. S. 249; Washington v. Baltimore, 17 W. Va. 190; Cuff v. Newark, 35 N. J. L. 1; Shearman & Redfield, Neg. §§ 29, 226.

MITCHELL, J.

The defendant negligently set a fire on its right of way, which spread over the prairie and upon the premises of the plaintiff, Andseth. When he saw the fire coming, he and his hired man, Berg, went out to take measures to save from the approaching fire some haystacks belonging to Andseth and situated on his own land. They went to one stack and burned a firebreak around it, and then went to another stack about sixty rods distant and were attempting to do the same thing there when they discovered that the fire was rapidly approaching them. The fire being then on three sides of them and the land on the fourth side being covered with a heavy growth of dry grass, they rushed through the fire on a side where the grass had been cut, leaving nothing but the dry stubble, but, in doing so, their persons were quite seriously burned.

These actions were brought to recover for these personal injuries. The court found that the plaintiffs were guilty of contributory negligence, and on that ground held that they were not entitled to recover. The questions presented by these appeals are (1) whether the evidence justified this finding, and (2) whether the negligence of the defendant was the proximate cause of the injuries complained of.

Referring first to the second question, we are of opinion that, leaving out of consideration for the present the question of plaintiffs' contributory negligence, there was no intervention of another independent agency inflicting the injury, to break the causal connection between the negligent act of the defendant and the injuries suffered by the plaintiffs. It may be true that if the plaintiffs had remained where they were when they discovered the fire approaching, and made no effort to save the stacks, they would not have been injured. But, assuming that they acted with reasonable prudence and care, plaintiffs' effort to save the property was a mere condition, and not the cause of these injuries. In making reasonable efforts for that purpose they would be doing, not only what the law authorized, but what their duty to the defendant required; and if, in doing this, they sustained injury, the defendant, which was responsible for the fire, would be liable. Its negligence would be the proximate cause of the injury.

This doctrine has been held and applied under so great a variety of circumstances that we shall only cite two cases in which it has been applied to "fire cases" like the present,—Liming v. Illinois, 81 Iowa, 246, 47 N. W. 66; Rajnowski v. Detroit, 74 Mich. 20, 41 N. W. 847, and 78 Mich. 681, 44 N. W. 335. We have confined the decision to the particular facts of this case, but do not wish to be understood as holding that the rule would be different had plaintiffs attempted to save the property of another.

2. But, as in every other case, if the plaintiffs were guilty of contributory negligence, by rashly, recklessly and unnecessarily exposing themselves to danger in a manner which a reasonably prudent man would not have done under like circumstances, they cannot recover. No fault is found with what they did after they attempted to escape, but the claim is that they were negligent and

even reckless and foolhardy in continuing their efforts to save the stack until all means of safe escape were cut off. We think that, under the evidence, this was a question of fact, upon which the court's finding cannot be disturbed. The rapidity with which these prairie fires travel, the fitful manner in which they are liable to change their course with every changing gust of wind, are matters of common knowledge and must be presumed to have been known to the plaintiffs as men of ordinary intelligence.

The evidence tends to show that the fire was traveling rapidly,— faster than the plaintiffs could run,—and that this fact was known to them; that they made no effort to escape until the fire was in close proximity to them on three sides, and that on the fourth side there was a heavy growth of grass, and consequently to run in that direction would be almost sure death. Their only excuse for remaining so long is that, when they commenced work, the main fire had passed by them; but that there was a change in the wind that suddenly drove the fire back on them. But it is a matter of common knowledge that these changes are of not infrequent occurrence, especially when there is some local agency, such as a large fire, liable to produce atmospheric disturbances. It does not appear that there was anything unusual or extraordinary about this change. If human life or even property of great value had been at stake plaintiffs would have been justified in taking greater risks; but all that was involved was property of comparatively small value. Under all the circumstances we are unable to say that the finding of the court was not justified by the evidence.

Both of the judgments appealed from are affirmed, but statutory costs to be taxed only in one.