MINNIE M. GLANZ, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Railroads:  SETTING OUT FIRE:  NEGLIGENCE:    EVIDENCE.    It appeared from the evidence that defendant's engine set the fire on plaintiff's premises, and also one about twenty rods distant, and that sparks from the engine "went about seven rods from the track."    There was also some testimony that defendant was using slack coal, which on account of the dryness of the weather was dangerous to use, and while of itself not amounting to negligence, but taken in connection with the other evidence, was sufficient to take the case to the jury.

Attempt to Extinguish Fire:  PROXIMATE CAUSE OF INJURY.    A fire started by the negligent operation of a railway engine is the proximate cause of an injury received by one using reasonable care in attempting to extinguish it, whether the injury result from actual contact with the fire or over-exertion.

Instruction:  REFUSAL TO GIVE:  PRESUMPTION.  ·In the absence of a showing of necessity for an instruction, it will be presumed on appeal that the court properly refused it.

*Appeal from Delaware District Court.*—HON. FRANKLIN C. PLATT, Judge.

WEDNESDAY, FEBRUARY 11, 1903.

ACTION at law to recover damages caused plaintiff and her property through a fire set out by a locomotive being operated on defendant's line of road.    Trial to a jury, verdict and judgment for plaintiff, and defendant appeals. —*Affirmed.*

*J. C. Cook, H. Loomis* and *E. C. Perkins* for appellant.

*Bronson & Carr* for appellee.

DEEMER, J.—The petition is in three counts. In the first, plaintiff asked damages for injuries done her property; in the second, compensation for services in extinguishing the fire; and in the third, damages for personal injuries received by her in endeavoring to extinguish the fire. The second count was not submitted, but the first and third were, resulting in a verdict for plaintiff in the sum of $569, which was reduced by order of the trial court to $369.

Little or no complaint is made of the rulings of the trial court with reference to the first count of the petition. The rule announced in *Greenfield v. C. & N. W. Ry. Co.*, 83 Iowa, 270, and other like cases, is, however, again challenged in a general way. Suffice it to say with reference to that case that it has been too long adhered to, to justify us now in disturbing it. The doctrine there announced has been established in many other jurisdictions, and seems to be adopted by the text-writers as correct. See Thompson on Negligence, vol. 2, sections 2285-2287, and 2289, and cases cited.

Many complaints are made of rulings as to the third count. The trial court instructed with reference to this that there was no presumption of negligence on the part of the company in setting out the fire, and that the burden was on the plantiff to show that the fire occurred by reason of negligence on the part of the defendant, either in the construction or in the operation of its engine. Right or wrong, this must be accepted as the law of the case. It was given, no doubt, in view of the change made in the "fire statute" by the Code of 1897. Compare section 2056 of that Code and section 1289 of the Code of 1873. We are not required or permitted at this time to express our views regarding this change, but must accept the law as given by the court as a correct interpretation of the new statute.

Defendant contends that there is no evidence to sustain that part of the verdict awarding damages for personal injuries.   In anwser to special interrogatories, the jury found that there was mismanagement of the engine, and that the coal used in the locomotive which set out the fire was not such as reasonable care and prudence demanded.   It also found that the engine was properly equipped with spark arresters, and that these devices were in good repair at the time the fire was set out.   The trial court, in its instructions, practically eliminated the statute, in so far as the third count of the petition was concerned, and submitted this count on the theory of defendant's common-law liability; and, in determining the sufficiency of the evidence to support the verdict on this count, we must be governed by common law principles and rules.   Before the enactment of the fire statute, we had uniformly held that negligence would not be presumed from proof of the setting out of a fire alone.   See *McCummons v. C. & N. W. Ry. Co.*, 33 Iowa, 187; *Gandy v. C. & N. W. R. R.*, 30 Iowa, 420. We quote the following from the *Gandy Case*, as stating the rule for this case in this state, in the absence of statute:   "The plaintiff must aver negligence, and, of course, the burden of proving it is upon him; and, as the mere fact of injury does not in any other case prove negligence or other wrong upon the defendant, so it does not in this.   But as, in the nature of the case, the plaintiff must labor under difficulties in making proof of the fact of negligence, and as the fact itself is always a relative one, it may be satisfactorily established by evidence of circumstances bearing more or less directly upon the fact of negligence, which might not be satisfactory in other cases, free from difficulty, and open to clearer proofs; and this upon the general principles of evidence, which hold that to be sufficient or satisfactory which ordinarily satisfies an unprejudiced mind.   1 Greenleaf on Evidence, 2.

*Margin note:* I. SETTING out fires: negligence: evidence.

The absence of a spark arrester; the failure to use the best; the employment of a drunken engineer; the use, at the time, of an excessive amount of steam; an ordinarily heavy train; an unlawful rate of speed; the defect or want of repair in the engine; the stopping of the engine or stirring of the fire in it in a place of peculiar peril; the repeated and unusual dropping of coals, or excessive and continued emission of sparks, etc.,—are severally facts tending more or less satisfactorily, according to the circumstances, to establish the fact of negligence." See 4. West. Jur. 333, 429.

We have to determine then, whether or not, in the light of this rule, there was sufficient evidence of negligence to justify a verdict for plaintiff on the third count of her petition. The verdict was based on a finding that the coal used in the engine was not such as reasonable care and prudence demanded, and that the engine was not properly managed. Plaintiff introduced evidence to show that the engine which set out the fire in question also set out another fire in a cornfield within twenty rods of the place where the fire on plaintiff's premises started, and that sparks "went about seven rods from the track." This was all the evidence (save a matter hereinafter referred to) adduced by plaintiff on the issue of defendant's negligence. We are constrained to hold, in view of the difficulties under which a plaintiff labors in such cases of producing evidence of negligence, that this was sufficient to take the case to the jury. *Slossen v. B., C. R. & N. R. Co.*, 60 Iowa, 215; *West v. R. R.*, 77 Iowa, 654. True, in these cases there was evidence of several fires, while here the testimony shows but two. But this goes to the weight, rather than to the sufficiency, of the evidence. These two fires were so close to each other, were at such a distance from the track, and were at such a place, that we think the jury might have concluded from these facts alone that there was negligence. The number of fires set out by the

particular engine is, of course, material, but the circumstances and conditions under which they were set out also have an important bearing. See, as sustaining our conclusions on this branch of the case; *McTavish v. R. R.*, 8 N. D. 333 (79 N. W. Rep. 443); *Patton v. R. R.*, 87 Mo. 117 (56 Am. Rep. 446;) *Butcher v. R. R.*, 67 Cal. 518 (8 Pac. Rep. 174); *Huyett v. R. R.*, 23 Pa. 373; *Jacksonville R. R. v. Peninsular Land Co.*, 27 Fla. 157 (9 South. Rep. 661, 17 L. R. A. 33).

Defendant introduced evidence to show that the engine was properly equipped and skillfully operated, and that the fire was a mishap for which it was not responsible. But appellee argues that from the testimony, the jury was warranted in finding that defendant at the time in question was using slack coal in its engines, which, on account of the dryness of the weather and the season of the year (it being in November), it was dangerous to use, and that ordinary care would have dictated the use of fuel less conducive to the emission of sparks. There is some direct testimony from which such an inference might possibly be drawn, although not in itself sufficient to show negligence on the part of the defendant in this respect; but, taken in connection with the other evidence to which we have referred, we think it was sufficient to justify the submission of the case to the jury. *Hockstedler v. R. R.*, 88 Iowa, 236.

II.   Appellants contend that plaintiff's injuries were not the proximate result of the setting out of the fire, and that the court should have so instructed the jury. The

2. ATTEMPT to extinguish fire: proximate cause of injury.

testimony shows that there was a high wind blowing; that the fire was coming directly toward the house and barn on plaintiff's premises, and that in the barn there was a large amount of personal property belonging to plaintiff and her husband; and that, had the barn caught fire, the house would also have burned. It also appears that plaintiff and her husband, with others, undertook to extinguish the fire, or to

stay its progress for the purpose of saving this property,
and that in so doing plaintiff's clothing was partially des-
troyed, her person burned, and she made sick and disabled
from work. The court instructed, in effect, that, if de-
fendant was negligent in setting out the fire, it would be
liable to plaintiff for any such personal injuries received
by her as were the natural and direct result of her exer-
tions in trying to extinguish the fire and save her prop-
erty, to which she did not by her own negligence contribute,
and on the question of contributory negligence gave the
following: "In respect to the question of whether the
plaintiff was or was not guilty of negligence which contri-
buted to her alleged injuries, you are instructed that the
plaintiff had the right to make such reasonable exertions
for the protection of her property as a reasonably prudent
person would have done under like circumstances. But if
she exerted herself to a greater extent or more violently
than an ordinarily prudent person would have done under
like circumstances, and her injuries, if any, resulted from
such exertions, then, even though she acted in good faith,
or under the belief that what she did was necessary, she
cannot recover for such injuries, if any, to her health. (7)
In determining whether the plaintiff was or was not guilty
of negligence, that contributed to the alleged injury to her
health, you would not be justified in finding that she was
free from any negligence that contributed to her injuries,
if any, from the facts alone (if they be facts) that the
danger to her property was great, or appeared to be great,
and that she acted in good faith, in an honest purpose to
prevent the spread of the fire, and thus protect her prop-
erty from destruction or injury, for her motive or conduct,
however honest or well intended, cannot be made the basis
of a recovery, if, as a matter of fact, she did not act as a
reasonably prudent person would have acted under like
circumstances. In determining this question, however,

you should take all the facts and circumstances concerning the fire, and the acts of the plaintiff as disclosed by the evidence, into consideration."

It is contended that the fire was not the proximate cause of plaintiff's injuries and sickness, and that, as these results were brought about by her own volition, she cannot recover. The question of proximate cause is always difficult, and, but for the case to which we shall presently refer, we should have difficulty in determining the proposition here presented. In *Liming v. R. R. Co.*, 81 Iowa, 250, the exact question now before us was considered; and it was there held that a stranger who received injuries in attempting to extinguish a fire set out by a railway company, to save property from destruction, might recover from the company; that defendant's negligence in such a case was the proximate cause of an injury to the person who attempted to save property from the consequences thereof; that the injured party was entitled to recover, provided he did not negligently contribute to the results. In that case it is said, in effect, that one who, acting with reasonable prudence, voluntarily exposes himself to danger for the purpose of protecting his property, may recover for the consequent injuries he [receives from the person whose wrong caused the injury to himself, and the danger to the property he sought to protect. See, also, *McKenna v. Baessler*, 86 Iowa, 197. In attempting to extinguish the fire in question, plaintiff was in the strict line of her duty; and, if she acted with ordinary care and prudence, there is no reason, in justice or law, why she should not recover for the injuries received. Bound as she was by law to save herself from the consequences of defendant's negligence, the defendant should not be permitted to say that her act was entirely voluntary, and that the injuries she received did not follow proximately from its original wrong. The *Liming Case* is not without support in other jurisdictions. See *Rajnowski v. R. R. Co.*,

74 Mich. 20 (41 N. W. Rep. 847); *Rajnowski v. R. R. Co.*, 78 Mich. 681 (44 N. W. Rep. 335); *Berg v. Great Northern R. Co.*, 70 Minn. 272 (73 N. W. Rep. 648, 68 Am. St. Rep. .524). Defendant attempts to distinguish the *Liming Case* from the one at bar on the ground that in the former Liming was injured by the fire itself, while here the plaintiff's sickness was due to over-exertion. Admitting the difference in facts, it does not follow that there is any distinction in principle. In either case the injury was the result of the fire, unless the party injured was doing a negligent and reckless act in attempting to extinguish the fire. Whether or not he was guilty of contributory negligence was a question for the jury, under proper instructions. It should not be said that defendant could not anticipate the wrong complained of. If it negligently set out a fire which endangered property, it knew that the owner was bound to make all reasonable efforts to save himself from harm; and if, in the exercise of reasonable care in the performance of this duty, he received an injury, the original fault of the defendant is something more than a condition. It was, as we view it, the efficient cause of the injury. That injury may result from actual contact with the fire, or from over-exertion, and in either case is a proximate result.

III. The fifth instruction is complained of for the reason that the injuries complained of by plaintiff as a result of her exertions, rather than as a result of the fire set out by the defendant, are referred to and emphasized. Taken alone this instruction was erroneous; but when considered with the sixth and seventh, which we have quoted, and the evidence to which we have referred, there was no prejudicial error of which defendant may justly complain.

Defendant asked an instruction as to the weight to be given the testimony of witnesses relating to the value of property destroyed. The instruction announced

a correct rule of law, but the record does not contain the 3. INSPECTION: evidence bearing on this subject, and, so far refusal to give presumption. as shown, there was no conflict therein. If the defendant's experts gave the same evidence as to value as did plaintiff's, then there was no occasion for giving the instruction. In the absence of a showing of some necessity for the instruction, it will be presumed that the trial court was justified in refusing it.

There is no prejudicial error in the record, and the judgment is AFFIRMED.