## Illinois Central Railroad Company v. X. F. Siler, Administrator.

1. PROXIMATE CAUSE—*test of determining what is.* The question as to what is the proximate cause of an accident is one of fact, and the test is as to whether or not there was an unbroken connection between the wrongful act and the injury.

2. PROXIMATE CAUSE—*when injury resulting deemed to have been capable of anticipation.* It is not essential to a recovery that the injury resulting from the wrongful act complained of could have been anticipated to occur in the particular manner in which it did occur.

3. CONTRIBUTORY NEGLIGENCE—*when attempt to save property from destruction does not constitute.* An attempt to save one's home from destruction by fire occasioned by the negligence of the defendant, does not constitute contributory negligence which will preclude recovery for death.

4. FIRE—*when action lies for death resulting from.* An action lies for death resulting from fire spreading from a railroad right of way where such fire, and the spreading thereof, was occasioned by the negligence of the defendant.

MYERS, J., dissenting.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Crawford County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

JOHN G. DRENNAN, for appellant; J. M. DICKINSON and PARKER & CROWLEY, of counsel.

MAXWELL & JONES and BRADBURY & MacHATTON, for appellee.

MR. PRESIDING JUSTICE- CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Crawford county, by appellee against appellant, to recover for the death of appellee's intestate. Trial by jury. Verdict and judgment in favor of appellee for the sum of $1,575.30.

The declaration consists of five counts. The fifth, as abstracted by counsel for appellant in the statement of the case is as follows: "The decedent was the owner and with her husband and children resided in her dwelling house upon her close along and adjoining which the defendant's right of way one hundred feet wide was located. That the defendant negligently suffered large quantities of combustible material to accumulate and remain upon said right of way, by means whereof fire thrown from a certain locomotive engine and train of defendant upon said right of way ignited and set fire to said dangerous and combustible material and thence spread and was communicated to the close of appellee 'and while the decedent was then and there with all due care and caution for her own personal safety lawfully endeavoring to suppress and extinguish said fire on said premises communicated as aforesaid' which fire was progressing towards and threatening the destruction of her

dwelling house, 'the clothing of the deceased was then and there unavoidably ignited and set on fire by flames from said fire in consequence of which she was burned and died on the 17th day of November, A. D. 1905.' " The counts were all full and formal, and do not differ much in substance or purpose, except that the third charges that sparks were thrown from the engine onto decedent's premises, and the fourth charges that the engine was not equipped with a proper spark arrester to prevent the escape of fire therefrom. A general demurrer was interposed to the declaration and overruled, and appellant pleaded the general issue.

The evidence tends to prove, and we think the jury was warranted in finding, that on the 11th day of November, 1905, appellant had negligently allowed dry weeds and grass to accumulate and remain on its right of way; that appellee's intestate owned and occupied with her family a small premises adjoining, and her dwelling house was situate about seventy-five feet north of appellant's north line; that there was dry grass and dry leaves on decedent's premises between her dwelling and the right of way; that fire escaped from one of appellant's passing engines and ignited the combustible material on its own premises and the fire spread therefrom to and upon decedent's premises; that there was a strong wind blowing from the direction of the fire towards decedent's premises; that the fire was spreading in that direction and was endangering her dwelling; and that she then got a rake and commenced to rake the leaves and grass from between her house and the fire, for the purpose of arresting the progress of the fire and saving the house, and while in the effort to save her house from threatened destruction, her clothes caught fire and she was so badly burned that death resulted. The jury was also warranted in finding that attempting to arrest the progress of the fire was what a reasonably prudent person would, and ought to have done under the circumstances, and that in the act of making such attempt, and in her actions and conduct in pursuance of it, she was exercising such care and caution for her own safety as a reasonably prudent person

would exercise under the same or similar circumstances as those surrounding her on that occasion and at that time.

Counsel for appellant present this appeal to this court on the merits of the case alone. In the first sentence of their argument they say: "We wish to say at the outset that if the record does not justify this court in reversing this case without remanding, it should be affirmed." In the concluding sentence they say: "and would respectfully say to the court that we do not ask a reversal if the court deems the record in such condition that the case should be remanded for new trial, for if the plaintiff has a substantial cause of action the verdict is reasonable."

This relieves us of any duty with respect to some of the errors assigned.

Counsel insist upon three propositions bearing upon the substantial merits of the case: "1st. The declaration does not state a cause of action. 2nd. The verdict is contrary to the law of the case. 3rd. The verdict is contrary to the manifest weight of the evidence and should be reversed without remanding, with a finding of facts in favor of appellant."

From our statement above as to what the evidence with all reasonable inferences tends to prove and warrant, it is apparent that we do not feel justified in acceding to counsel's third proposition, and deeming a detailed discussion of the evidence bearing upon the disputed questions of fact, *pro* and *con,* not worth the necessary time and space, we dismiss the third proposition without further treatment, except as its embracements may incidentally arise in connection with the other propositions. As we view the record, counsel's first and second propositions raise all the serious questions touching the substantial merits of the case, and are so interconnected that they may be considered and discussed together.

It is contended that the first, second, and fifth counts of the declaration are "statutory counts" based upon section 63 of chapter 114, Hurd's Revised Statutes, 1905, that the penalties provided in this section do not include damages

to human beings, and therefore a cause of action is not stated in either of these counts. Section 63, above cited, is section 1½ of the Act of 1874, and supplements section 1 of that Act. The primary purpose of enacting these two sections was to make railroad companies liable for all damage that might be done to domestic animals trespassing on the railroad right of way of unfenced roads. This statute does not mention fire, or damage by fire, although it would doubtless include such damage in a case to which it would apply. The reported decisions of the courts of this State so far as we are advised, do not disclose a case based directly upon this statute, wherein it was sought to recover damage occasioned by fire. They do, however, disclose scores of cases where recovery was had for damage occasioned by fire, other than to "cattle, horses, sheep, hogs, or other stock thereon" (on right of way); and in all these cases, the negligence charged in the declaration was the same as charged in the first, second and fifth counts of the declaration in the case at bar, and in almost the identical words. The courts of this State have never held that liability for damage occasioned by fire escaping from a railroad engine and igniting combustible material *negligently* allowed to accumulate and remain upon the railroad right of way from which it spread to adjoining premises, is limited to domestic animals "thereon." The counts referred to in this case are primarily based upon the Act of 1853, now sections 1 and 2 of the Injuries Act, and the *gravamen* is negligence. The declaration does not simply charge that appellant allowed dead grass and dry weeds to accumulate and remain on its right of way, but that it *negligently* did so. In this connection counsel cite us to section 102 of chapter 114, and call our attention to the fact that it only applies in cases of damage to personal property and real estate. This section neither creates nor limits liability. It merely establishes a rule of evidence applicable to the classes therein specified. This statute was not at any point, nor in any manner, availed of by appellee, nor was it in anywise involved in the case. The primary purpose of enacting this

section was to change the burden of proof from the plaintiff to the defendant, in certain classes of cases, when during the progress of a trial the specified conditions should be established by the evidence. Appellee asked no instruction involving the application of this statute, and the court made no ruling at his request or instance, nor of the court's own motion, either calling for, or warranting its application. The burden of proof was not shifted at any stage in this case.

Counsel further contend as to all the counts of the declaration, that they do not any of them state a cause of action, for the reason that it appears upon the face of each and all of them that the decedent was "burned by the fire in an effort on her part to extinguish the same." Their position is that upon the face of the declaration it appears, as matter of law, that appellant's negligence was not the proximate cause of decedent's death; and that upon the face of the declaration it appears as matter of law, that the decedent was guilty of contributory negligence. They cite in support of these contentions: Seale v. G., C. & S. F. Ry. Co., 65 Texas, 274, and Chattanooga Light and Power Co. v. Hodges, 109 Tenn., 331.

Attempts to define proximate cause appear in text and case to the very limit of a busy man's time to read, and far beyond the limits of his time separately to discuss. One of the most comprehensive attempts at defining it may be found in Sutherland on Damages. Vol. 1, page 78, second edition: "The primary cause may be the proximate cause of a disaster though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied at the other end, that force being the proximate cause of the movement. The question always is, was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole; or was there some new and independent cause disconnected from the primary fault, and self-operating, which produced the injury? The in-

quiry must be answered in accordance with common understanding." The sum of it all is, that proximate cause is always a question of fact, to be determined in each particular case by the application of free logic to the particular facts of that case, in the light of common observation, common experience and common sense. In a true sense neither the presence nor the absence of proximate cause can ever appear as matter of law in any case. It is true the expression is frequently used by some writers and judges of high authority, but what we understand them to mean by it is, that where the postulated facts, as in a pleading, or the state of facts disclosed by the evidence given on a trial, is such as to make it apparent to the court that all impartial, intelligent and reasonable minds would agree to the presence or absence of proximate cause, upon that state of facts, then the court may assume its presence or absence, as the case may be, and render judgment accordingly, without submitting that question to the triers of fact. It is however always a question of fact, and a judge or bench of judges in coming to a conclusion as to how it might appear to other minds, must always remember that it *is* a question of fact that "must be answered in accordance with common understanding."

Counsel insist in this case, that there was "a new and independent cause disconnected from the primary fault, and self-operating, which produced the injury." Their position is, that "whether the decedent was negligent or not" in her attempt to save her house from being consumed by the spreading fire, that attempt alone and not the original negligence of appellant by which the fire spread on to her premises, was the proximate cause of her death. Was this act disconnected from the primary fault, or did it spring directly out of it—which?

When the decedent saw the fire approaching her dwelling, it was her duty to make all reasonable effort on her part to arrest the spread of it in that direction, so as to save the house. She owed that duty to appellant as well as to herself and to her family. Under such circumstances "she

had no right to fold her hands and permit the property to be consumed, without making reasonable effort for its preservation, and then claim the right to recover the loss from appellant." I. C. R. R. Co. v. Pindar, 53 Ill., 447. We think the attempt on the part of the decedent to arrest the progress of the fire before it reached her house was an act in response to a duty springing directly out of, and imposed and called into requisition by the primary fault, the negligence of appellant. The primary fault in this case as surely brought into operation the decedent's attempt to save her home from destruction as it did the spreading of the flames that imperiled it. The attempt of decedent to save the house was not disconnected from the primary fault, but sprang out of it; nor was it self-operating; the primary fault raised the duty and moved the decedent to its performance.

Counsel also contend as to all the counts, that a cause of action is not stated because it is apparent from the face of each and all of them, that it could not have been reasonably anticipated that such death would result from the negligence charged against appellant. The rule contended for here, when properly understood, is sometimes a true guide in such cases, but what might reasonably be anticipated is a question of fact, except as stated with respect to proximate cause, *supra;* and in applying this rule we should not overlook the fact that the rule does not require that the wrongdoer should have been able to reasonably anticipate the manner in which injury might occur as a result of his wrongful act. For instance, in the case at bar, it is sufficient if it could have been reasonably anticipated that the death of a human being might result as a natural or connected consequence of the negligence charged.

The Illinois reports contain no case wherein personal injury or death of a human being resulted from fire spreading from a railroad right of way, or escaping from a railroad engine, but our courts have uniformly held with those courts that extend the chain of proximate cause to its natural limit in each particular case. This is so generally recognized as

to render the selecting and citing of cases mere waste of time. There are many decisions of other States in which the exact question has been determined, wherein it is held that such injury is not remote. The following cases bear only upon the one question of remoteness, but many others we shall cite further on in this opinion directly bear not only upon this question, but upon each and every question involved in appellant's contentions. "Where through the negligence of a railroad company in not keeping its engine in proper repair a dwelling house was set on fire, and a child asleep therein burned to death, such death is not too remote from the negligence causing such fire." Rajnowski v. D. B. C. & A. R. R. Co., 74 Mich., 20, same case in 78 Mich., 681. "Where a child lying in a cradle in its parents' home is injured by fire escaping from a locomotive, which is negligently operated, such negligence is the proximate cause of the injury." G., C. & S. F. Ry. Co. v. Johnson, 51 S. W. Rep., 531.

Counsel further contend that no cause of action is stated in any count of the declaration because it is apparent upon the face of the declaration that the decedent was guilty of such contributory negligence as bars any right of recovery. Counsel's position is, that the mere fact that the decedent in her attempt to save her property from destruction, placed herself in a position where she might be injured, is negligence on her part, as matter of law. Whatever may have been supposed to be the law on this question in some period in the past, we regard it as well established now, that a recovery may be had for a personal injury sustained while making a proper and reasonable effort to save or protect one's property when threatened with injury by the negligence or wrongful act of another. It would be an intolerable state of law that would deprive a plaintiff of the right to recover damages for the destruction of his property by the wrongful act of the defendant, where he failed to make all reasonable effort to save his property, and then declare the mere act of making such effort to be negligence on his part, as matter of law. The great weight of authority is in

support of the proposition that a reasonable attempt to save one's property imperiled by the negligence of another, is not contributory negligence *per se,* as to a personal injury sustained while in the act of making such attempt. The following cases all bear directly upon this question, and upon all the questions raised by counsel for appellant in this case: ⸰Berg v. Great Northern Ry. Co., 70 Minn., 272. This was two cases tried together where fire escaped from a railroad right of way onto adjoining premises and endangered some stacks of hay. In attempting to save the stacks the plaintiffs were seriously burned. The court says: "Assuming that they acted with reasonable prudence and care, plaintiffs' effort to save the property was a mere- condition, and not the cause of the injuries. In making reasonable efforts for that purpose they would be doing, what the law authorized, and what their duty to defendant required; and if, in doing this, they sustained injury, the defendant, which was responsible for the fire, would be liable. Its negligence would be the proximate cause of the injury." Liming v. I. C. Ry. Co., 81 Iowa, 246. In this case fire having spread from the right of way of the railroad onto plaintiff's premises endangering his barn and horses therein, in attempting to save the horses, plaintiff was badly burned. There counsel for the defendant cited the case of Seale v. Railway Co., 65 Texas, 274, the case principally relied upon by counsel for appellant in this case. The court held in that case substantially as is quoted above from Berg v. Great Northern Ry. Co., and with respect to the application of the rule laid down in the Texas case cited, says: "It is true that but for the voluntary act of plaintiff he would not have been injured. As we have seen, however, that act, although voluntary in one sense, was invited and induced by the wrong of defendants, and the consequent injuries were the natural and direct result of that wrong." Ganz v. C. M. & St. P. Ry. Co., 119 Iowa, 611. This is a case where the railroad company's engine set fire on plaintiff's premises, and plaintiff was injured in attempting to extinguish the fire. The court says: "A fire started by

the negligent operation of a railway engine is the proxi-
mate cause of an injury received by one using reasonable
care in attempting to extinguish it." Wasmer v. D. L. &
W. R. R. Co., 80 N. Y., 212. This was a case where plain-
tiff's intestate was killed by a train while attempting to
rescue his horse and wagon from the peril of the approaching
train. The court says: "He had the right and was under
some sort of duty to rescue them from danger if he could.
* * * It cannot be said that he went there for no
(proper) purpose, and that he unnecessarily placed himself
in danger. * * * It is easy enough now to see that his
effort was a hazardous and unsafe one. But can we say, as
matter of law, that he, situated just as he was, with no time
for cool reflection, failed in that case to exercise that care
which men of ordinary prudence would exercise under the
same circumstances." Pegram v. Seaboard Air Line Ry.
Co., 51 S. E. Rep., 975. This is a case where fire escaped
from the railroad company's engine and set fire to a cotton
compress and warehouse. The plaintiff's intestate lost his
life in an attempt to save the imperiled property. The court
holds the law to be the same as is held in the cases above cited
and quoted from. Rexter v. Starin, 73 N. Y., 601. This
is a case where plaintiff was injured while attempting to
rescue his boat from the peril of a threatened collision.
At the time he saw the approaching peril he was not in his
boat; there was no human life or limb imperiled by the neg-
ligence of the defendant, only the boat (property), until
plaintiff, seeing the approaching peril, went into his boat
in an attempt to save it. The court says: "It is the duty
as well as the right of a person whose property is endan-
gered by the negligence of another, to do what he reason-
ably can to save and protect it; he cannot stand still and
omit such care as he can reasonably and prudently take,
and thus suffer a loss and cast it upon another. If, there-
fore, while exercising such care he is injured, the person
guilty of the negligence is liable." La Duke v. Exeter, 97
Mich., 450. In this case plaintiff received a personal in-
jury while attempting to rescue his horse from a peril im-

posed by defendant's negligence. Stickney v. Town of Maidstone, 30 Vermont, 738; Page v. Bucksport, 64 Maine, 51. These last two cases are both cases where recoveries were had for personal injuries suffered by the respective plaintiffs while in an attempt to rescue property from perils imposed by the negligence of the respective defendants. We do not attempt to cite all the cases holding this doctrine.

The case of Seale v. G. C. & S. F. Ry. Co., cited and relied upon by counsel for appellant, sustains their contentions at every point, but this case stands alone and is in conflict with the great body of authority upon these questions. The case of Chattanooga Light and Power Company v. Hodges, also cited by them, is of an entirely different class of cases. In that case the decedent came to his death by his own act of "extreme rashness," and he was warned and expostulated with for his "foolhardiness," before he entered the burning building. This case properly understood lays down the true rule and is in line with the great body of authority. The court in that case says: "The rule has been extended so as to give the party injured redress where his effort to save property has been such as a reasonably prudent man would have made under similar circumstances;" and in substance and in effect says, but where he has voluntarily exposed himself to danger beyond what a reasonably prudent man would have done under the same or similar circumstances, in an effort to save property, then he can have no redress. And this expresses the law as we understand it.

The judgment of the Circuit Court is affirmed.

*Affirmed.*

MR. JUSTICE MYERS, dissents.