## WICHITA FALLS & N. W. RY. CO. v. ARNOLD.

No. 6049.   Opinion Filed March 14, 1916.

(156 Pac. 296.)

**RAILROADS—Fire—Proof of Origin—Circumstantial Evidence.** The fact that a fire which destroyed property originated from the sparks of a passing locomotive may be shown by circumstantial evidence.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Jackson County;*
*J. M. Williams, Judge.*

Action by V. M. Arnold against the Wichita Falls & Northwestern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Robinson & Hamilton,* for plaintiff in error.

*M. L. Hankins,* for defendant in error.

Opinion by RITTENHOUSE, C.   This action was commenced for the purpose of recovering damages occasioned by the destruction of 25 acres of pasture and certain fence posts belonging to V. M. Arnold, plaintiff herein, which, it is alleged, were destroyed by fire through the negligence of the railway company in allowing sparks to emit from its locomotive, causing said fire. The case was tried to a jury, resulting in a judgment for plaintiff.

It is insisted that this cause be reversed because the verdict is not sustained by sufficient evidence. It was shown at the trial that the premises were adjacent to the right of way; that on February 13, 1913, at about 12 o'clock noon, a train belonging to the defendant company

passed these premises; that at this particular point there is a heavy grade; that immediately after the passage of the locomotive which was pulling such train the fire was discovered in a field of inflammable vegetation adjacent to the right of way, traveling before the wind in a direction away from the right of way and towards plaintiff's house; that on previous occasions similar locomotives had emitted sparks, setting fire to the grass on these premises.

It is obvious that, if the plaintiff recovers in this case, it must be upon circumstantial evidence, as no one saw sparks emit from the locomotive or saw the commencement of the fire. It is our opinion that it is not necessary that there be direct evidence showing that sparks emitted from the locomotive and started the fire, as it is the province of the jury to draw the inference from the circumstances surrounding the commencement of the fire as to whether it was caused by sparks emitting from the locomotive belonging to the company, and the circumstances in the instant case are sufficient for the jury to draw such inference.

It was held in *St. L. & S. F. R. Co. v. Shannon*, 25 Okla. 754, 108 Pac. 401, 21 Ann. Cas. 1209, that it may be shown by circumstantial evidence that a fire was started by sparks from a passing locomotive; and in support thereof are cited the cases of *Kansas City, F. S. & M. R. R. Co. v. Blaker & Co.*, 68 Kan. 244, 75 Pac. 71, 64 L. R. A. 81, 1 Ann. Cas. 883, and *Kansas City, F. S. & M. R. R. Co. v. Parry*, 65 Kan. 792, 70 Pac. 876. In the latter case it was held:

"The fact that soon after the passing of an engine a fire starts near a railway track in an inclosed field cov-

ered at the time with a growth of highly inflammable vegetation, and travels before a high wind in a direction away from the track, is sufficient to warrant a jury in finding that the fire was caused by the operation of the railroad, without its appearing that the engine emitted sparks or live cinders or was put to special exertion, and without further proof excluding other possible origins."

It is next urged that the court erred in instructing the jury on the measure of damages. There is no contention that the judgment is excessive, and from an examination of the record we are satisfied that the error, if any, as to the measure of damages is harmless. *Plainters' Cotton & Ginning Co. v. Penny*, 53 Okla. 136, 155 Pac. 516.

The judgment should therefore be affirmed.

By the Court: It is so ordered.