## ST. LOUIS & S. F. RY. CO. v. CONSUMERS LIGHT & POWER CO.

No. 15409—Opinion Filed June 2, 1925.

Rehearing Denied July 14, 1925.

**1. Appeal and Error — Sufficiency of Evidence—Conclusiveness of Verdict.**

A judgment of the court based upon the verdict of a jury in a law action will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict of the jury.

**2. Same — Recovery Against Railroad for Negligent Fire Sustained.**

Record examined; held, to be sufficient to support the verdict for the plaintiff.
    (Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Bryan County; Porter H. Newman, Judge.

Action by the Consumers Light & Power

Company against the St. Louis & S. F. Ry. Company for damages resulting from the negligent burning of property owned by the plaintiff. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Evans, Stuart, Sharp & Cruce, and W. T. Stratton, for plaintiff in error.

W. E. Utterback and D. S. MacDonald, for defendant in error.

Opinion by STEPHENSON, C. The Consumers Light & Power Company commenced its action for damages against the St. L. & S. F. Ry. Company on account of the alleged negligent burning of property of the plaintiff by the defendant. The trial of the cause resulted in a verdict and judgment for the plaintiff. The defendant has appealed the cause and assigns the following errors for reversal: First, the verdict of the jury is contrary to the law; second, the verdict of the jury is contrary to the evidence; third, other errors occurring in the course of the trial.

The substance of plaintiff's petition is:
(1) That it was the owner of an electric substation in the city of Bokchito, situated 60 or 90 feet from the railway of the defendant. The substation involved in this case may be defined as an electric transformer situated some 10 or 15 feet from the ground supported by two wooden poles.

(2) That the defendant railway line negligently permitted one of its engines to throw sparks of fire into the weeds and grass upon its right of way, from which point the fire burned to the wooden poles and supports and destroyed the plaintiff's electric substation.

The plaintiff offered a witness who testified that he was working at a gin near the place of the accident; that he left the gin near the noon hour for lunch, and followed along the right of way some four or five minutes after the train had passed the point where the fire originated; that the fire was burning weeds and grass about 20 feet from the. embankment and about 40 feet from the substation; that the fire burned in "V" shape from the point where it originated to the wooden poles supporting the electric transformer; that the fire burned the poles and destroyed the substation. The plaintiff offered other evidence along the same line. The plaintiff offered testimony to show that fire was not burning on the outside, adjoin-

ing the premises, or on the premises at the time the fire originated and traveled in the weeds and grass from the right of way of the defendant to the substation. The defendant offered the testimony of its engineer to the effect that the railway line by the point where the fire originated was down grade; that he did not work steam in passing the point; that the engine did not throw sparks unless steam was being worked.

The defendant did not undertake to offer any explanation as to the cause for the fire originating upon its right of way. It did not show that the fire might have come from some source other than the engine pulling the train through Bokchito at the time in question.

The railway makes the point that the evidence offered by the plaintiff cannot give rise to anything more than a conjecture that the fire was transmitted from the engine to the weeds and grass on the right of way.

We think the testimony of the plaintiff furnishes the basis for more than a conjecture in this respect. The testimony does not show that the fire may have originated from any other cause than from the operation of the engine of the train. If there were other conditions shown by the record which might have caused the fire, equally with that of the operation of the engine and train, there might be merit to the contention made by the defendant. We think the record in this appeal brings the case within the rule applied in St. L. & S. F. Ry. Company v. Shannon, 25 Okla. 754, 108 Pac. 401. A judgment of the court based upon the verdict of the jury in a law action will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict of the jury. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

We think there is sufficient competent evidence to support the verdict of the jury returned in this case.

The issues were fairly submitted to the jury in the trial of this cause.

We recommend that the judgment of the court be affirmed.

By the Court: It is so ordered.

Note."&See under (1) 4 C. J. p. 853; 2 R. C. L. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90, 5 R. C. L. Supp. 79. (2) 33 Cyc. p. 1383.