## MIDLAND VALLEY R. CO. v. BARTON.

No. 30591. Oct. 13, 1942.

*129 P. 2d 1007.*

Gotwals, Killey & Gibson and Frank T. McGraw, all of Muskogee, for plaintiff in error.

John W. Tillman and Fred A. Tillman, both of Pawhuska, for defendant in error.

OSBORN, J. This action was instituted in the district court of Osage county by Ralph E. Barton, hereinafter referred to as plaintiff, against the Midland Valley Railroad Company, hereinafter referred to as defendant, wherein plaintiff sought damages resulting from the destruction by fire of 50 tons of hay and certain pasturage which, it was alleged, resulted from the escape of sparks and live coals from a locomotive operated by defendant. Issues were joined, the case was tried to a jury, and a verdict was returned in favor of plaintiff. From a judgment on the verdict, defendant has appealed.

Plaintiff was the lessee and in possession of a 160-acre tract of land about one mile east of Foraker, which land was contiguous to and adjoined the right of way of defendant company on the north. On January 6, 1939, about noon, a freight train passed the premises of plaintiff traveling in a westerly

direction. Shortly thereafter the fire was observed upon the right of way or in plaintiff's pasture immediately adjacent thereto. As a result of the fire 50 tons of hay and about 70 acres of grass were destroyed and plaintiff incurred other expense to which further reference will be made later in this opinion.

The principal assignments of error are that the trial court erred in overruling defendant's motion for directed verdict and that the verdict of the jury is not supported by competent evidence.

From the evidence adduced by the plaintiff it appears that there had been no rainfall for some time prior to the date of the fire and that the grass was dry and inflammable; that on the date of the fire a wind was blowing from the southeast toward the northwest or from defendant's track toward plaintiff's pasture. No witness testified to having seen sparks escape from defendant's locomotive; no evidence was offered by either party as to whether the locomotive burned oil or coal; one witness first observed the fire approximately 15 or 20 minutes after the train had passed plaintiff's pasture; another witness testified that the train was yet in sight at the time he noticed the fire. No evidence was introduced from which it might be adduced that the fire originated from a cause other than the escape of sparks from the defendant's locomotive.

In the case of Midland Valley Railroad Co. v. Rupe, 87 Okla. 286, 210 P. 1038, which case is relied upon by defendant herein, we said:

"It is well settled that the fact that a fire which destroyed property originated from sparks of a passing locomotive may be shown by circumstantial evidence (St. Louis & S. F. Ry. Co. v. Shannon, 25 Okla. 754, 108 P. 401; Wichita Falls & N. W. Ry. Co. v. Arnold, 56 Okla. 352, 156 P. 296; Wichita Falls & N. W. Ry. Co. v. Gant, 56 Okla. 727, 156 P. 672; Midland Valley Ry. Co. v. Taylor, 85 Okla. 95, 204 P. 1102); and oftentimes this is the only evidence obtainable in such cases; but as such evidence consists in reasoning from facts which are known or proved to exist in order to establish such as are conjectured to exist, the process of reasoning is defective if the circumstances from which it is sought to deduce the conclusion depend also upon conjecture and speculation. St. Louis & S. F. Ry Co. v. Mobley, 70 Okla. 297, 174 P. 510; Swenson v. Erlandson, 86 Minn. 263, 90 N. W. 534."

The action was to recover damages for the loss of an automobile destroyed by fire. The automobile was stored in a ginhouse. It was contended that the ginhouse caught fire from a spark thrown from defendant's locomotive. The ginhouse was 140 feet north of the track. The direction or velocity of the wind was not shown. The evidence was that the fire occurred two hours after the train had passed the gin. The court held that the time elapsing between the passing of the train and the fire was sufficient to break the chain of circumstances essential to connect the fire with defendant's locomotive, therefore the evidence was insufficient to support the judgment.

Defendant also relies upon the case of Kansas City Southern Ry. Co. v. Henderson, 54 Okla. 320, 153 P. 872, where the judgment was reversed on the ground that the evidence was insufficient to sustain the jury verdict. In that case recovery was sought for the burning of a barn located 230 feet from the railroad track. It was pointed out that there was no evidence to show whether or not sparks were emitted from the engine, and, if so, in what quantities, or the distance the sparks lived after leaving the smokestack of the engine, or if the sparks went in the direction in which the barn was located; that the velocity of the wind was not shown. It was pointed out that in the absence of proof of any of these facts, the finding of the jury that live sparks carried from the engine to the barn, a distance of 230 feet, amounted to conjecture or assumption.

Defendant also refers to the case of General Insurance Co. v. Northern Pac. R. Co., 280 U. S. 72, 50 S. Ct. 44, 74 L. Ed. 172, which was an action for damages

for the value of certain property contained in a warehouse which was destroyed by fire. The warehouse was 40 or 50 feet from the tracks of the railroad company. After analyzing the evidence presented in the case, the court concluded that no connection was shown between the fire and the passing of the train, except that of sequence. It was further pointed out that the evidence disclosed that vagrants and others frequented the warehouse and sometimes slept therein, and also that the warehouse was infested with rats. It was held that the evidence failed to establish liability against the railroad company.

In the case of St. Louis & S. F. R. Co. v. Shannon, 25 Okla. 754, 108 P. 401, we approved the holding of the Supreme Court of Kansas in the case of Kansas City R. Co. v. Perry, 65 Kan. 792, 70 P. 876. The first syllabus in the Kansas case is as follows:

"The fact that soon after the passing of an engine a fire starts near a railway track in an inclosed field, covered at the time with a growth of highly inflammable vegetation, and travels before a high wind in a direction away from the track, is sufficient to warrant a jury in finding that the fire was caused by the operation of the railroad, without its appearing that the engine emitted sparks or live cinders or was put to special exertion, and without further proof excluding other possible origins."

There is a marked similarity between the facts involved in the Kansas case and the facts presented herein. Other cases in which it has been held that the circumstantial evidence presented was sufficient to sustain a finding that a fire originated from a locomotive of a railroad train are St. Louis & S. F. R. Co. v. Whale, 25 Okla. 852, 108 P. 403; Missouri-Pacific R. Co. v. Lamb, 99 Okla. 132, 226 P. 91; St. Louis & S. F. R. Co. v. Consumers' Light & Power Co., 111 Okla. 151, 238 P. 434; Schaff v. Coyle, 121 Okla. 228, 249 P. 947. In the last-cited case the court applied the rule that circumstantial evidence in civil cases, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than that arrived at by the jury.

We deem these authorities to be controlling and hold that the trial court did not err in overruling the motion for directed verdict, and that the verdict of the jury is amply sustained by competent evidence.

Defendant further contends that the court erred in submitting an instruction to the jury upon the issue of negligence of the defendant in the operation of its train. Defendant points out that plaintiff offered no evidence of any specific act of negligence, and contends that under the rule heretofore announced in Miller v. Price, 168 Okla. 452, 33 P. 2d 624, it was error to submit an instruction upon that issue. We here point out that 2 O. S. 1941 § 748 provides that any railroad company operating any line in this state shall be liable for all damages sustained by fire originating from operating its roads. In the case of Schaff v. Coyle, 121 Okla. 228, 249 P. 947, it was held:

"Section 3851, Comp. Stat. 1921, providing: 'Any railroad company operating any line in this state shall be liable for all damages sustained by fire originating from operating its road' is valid and constitutional, and imposes upon railroad companies and receivers of railroad companies, the liability for all damages sustained by fire originating from the operation of the road, whether the same be due to negligence or not."

Inasmuch as liability in the instant case did not depend upon the establishment of negligence, we find that the submission of the issue to the jury resulted in no substantial prejudice to defendant.

Defendant urges that the trial court committed error in its instructions relating to the several items of damages recoverable herein. These items of damage, enumerated by the court in its instructions, are as follows: The value of three stacks of hay destroyed by fire; loss of use of the pasture; loss of and replacement expense of fence posts burned by the fire; expense of fighting

the fire; expense of removal of the cattle to another pasture and expense of hauling hay to the cattle after they had been moved. Defendant contends that the last two items, under the evidence presented herein, were not proper elements of damage. Plaintiff testified that after the fire he was forced to remove his cattle from the pasture and move them to another pasture about eleven miles distant; that the expense of moving the cattle was $10; that the cost of hauling feed to the cattle in the new pasture was $50. Plaintiff's evidence in this respect is not disputed or controverted. No effort was made to show that the removal of the cattle to the new pasture was unnecessary or that another place was more convenient. As we conceive it, the applicable rule is that where the law gives a remedy for a wrong done, the compensation should be equal to the injury sustained and the latter is the standard by which the former is to be measured, and that the injured party is to be placed as nearly as may be in the situation which he would have occupied had not the wrong been done. Deep Rock Oil Corporation v. Griffeth, 177 Okla. 208, 58 P. 2d 323. We find no error in the instructions relating to items of damage recoverable herein.

Other assignments of error have been examined and are without merit.

The judgment is affirmed.

WELCH, C. J., and BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and RILEY and ARNOLD, JJ., absent.