**ST. LOUIS–SAN FRANCISCO R. CO**
**v.**
**GINN.**

No. 35504.

Supreme Court of Oklahoma.
Sept. 15, 1953.
Rehearing Denied Dec. 22, 1953.

E. G. Nahler, St. Louis Mo., Satterfield, Franklin & Harmon, Oklahoma City, for plaintiff in error.

Wallace & Wallace, Tom Wallace and Thomas A. Wallace, Sapulpa, for defendant in error.

DAVISON, Justice.

This is an action, brought by S. E. Ginn, as plaintiff, against the St. Louis-San Francisco Railroad Company, as defendant, for the recovery of damages to person and property, allegedly resulting from a fire, started by the defendant on its right of way, which spread to plaintiff's farm. The parties will be referred to as they appeared in the trial court.

A jury being waived, the case was tried to the court with most of the facts presented by stipulation. At about seven o'clock p.m. on the 28th of March, 1950, one of defendant's passing trains set fire to grass on the right of way adjacent to plaintiff's farm or meadow in Creek county, Oklahoma. The plaintiff, upon discovering the fire shortly after it was started, secured his tractor and plowed a furrow or fire guard along his property line in an attempt to prevent the spreading of the fire. He had just completed the last furrow and was driving the tractor to a safe place so that he could return and help extinguish the fire when he struck an object with his tractor machine or plow, either a root or a limb. It flew up and hit him in the face and eye. The injury to his eye was quite serious and he was taken immediately to the doctor. The following day he was sent to Tulsa, Oklahoma, for examination and treatment by a specialist. By reason of his refusal to submit to an operation his eye was not removed. For some seven or eight

weeks he was treated and during that time he was forced to abandon his duties in connection with his dairy and cattle, at considerable financial loss.

This action was filed wherein plaintiff sought to recover $35 damage to his meadow, $150 doctor's bills, $600 loss of earnings and $2,050 for pain and suffering. Defendant's answer was a general denial and an allegation that any injury plaintiff suffered was the result of unavoidable casualty without negligence on the part of the defendant. After stipulation of facts and introduction of evidence by plaintiff, the defendant demurred thereto. The demurrer was overruled and, upon defendant's election not to produce further evidence, the court made findings of fact and conclusions of law and rendered judgment thereon for plaintiff in the amount of $1,894. Defendant has perfected this appeal therefrom.

The sole question for determination herein is the extent of liability of the defendant upon violation of that part of section 748 of Title 2, O.S.1941, which provides as follows:

"* * * Any railroad company operating any line in this State shall be liable for all damages sustained by fire originating from operating its road."

The defendant admitted that the fire was started by one of its trains and that under the provisions of the above statute it was liable for the $35 damage to the meadow. It was further admitted that "* * * plaintiff sustained an injury to his eye after he had completed plowing a fire guard and was preparing to park his tractor at some safe place away from the fire; that in moving his tractor it ran over something, such as brush, sticks, or some other object, which was thrown up by the movement of the tractor, striking his eye." The position and contention of defendant is that the accident and injury were not caused by the setting of the fire, and that such an incident could not have been foreseen by the defendant by any degree of care.

The question presented is one of first impression in this court. Indeed no case is cited by either party nor do we find any upon independent investigation where recovery was sought for injuries occurring under circumstances similar to those herein. There are two divergent views taken by the courts of the various states relative to personal injuries suffered by an owner while attempting to prevent destruction of his property by fire which was started from sparks emitted from a passing train. One of these, the minority view, was taken by the Texas court in the early case of Seale v. Gulf, C. & S. F. Ry. Co., 65 Tex. 274, 57 Am.Rep. 602. Therein, the owner of property endangered by fire negligently set out by defendant, was burned when attempting to extinguish the flame. The court held that the fire was not the proximate cause of the injury, but that there was a separate intervening cause to which the injury must be ascribed.

The other and majority view was taken by the Illinois court in the early case of Illinois Central Railroad Co. v. Siler, 229 Ill. 390, 82 N.E. 362, 15 L.R.A.,N.S., 819, 11 Ann.Cas. 368. There it was held that it was a question of fact as to whether or not the negligence of the defendant was the proximate cause when the party injured was attempting in a reasonable, prudent manner to extinguish the fire and was burned.

A very complete discussion of the proposition with extensive citation of authority supporting both views is found in the case of Wilson v. Northern Pacific Ry. Co., 30 N.D. 456, 153 N.W. 429, 436, L.R.A.1915E, 991. Therein, the following statement found in 13 Cyc. 71 was adopted as a part of the law in that case, to-wit:

"Where an injured party finds that a wrong has been perpetrated on him * * * he should use all reasonable means to arrest the loss. He cannot stand idly by and permit the loss to increase and then hold the wrongdoer liable for the loss which he might have prevented. It is only incumbent upon him, however, to use reasonable exertion and reasonable expense; and the

question in such cases is always whether the act was a reasonable one, having a regard to all of the circumstances in the case. The application of this rule some times has the effect of enhancing the damages rather than reducing them, and where a reasonable and bona fide attempt has been made on the part of the plaintiff to reduce the damages and provide for his own safety in case of a personal injury, it does not relieve the defendant from full recovery of the damages sustained."

In the case before us there is no allegation or suggestion that plaintiff was guilty of contributory negligence to any degree. He was using a well recognized and adopted method of preventing the spread of the fire. Having plowed the last furrow, he was taking the tractor to a place of safety from the fire. He was not at the place of injury by his own volition. He was not engaged in an act of his own choosing. He was discharging a duty owed by him to the defendant to minimize the loss, and this by reason of defendant's own negligence. Equitably, plaintiff should not be required to bear the loss resulting from his personal injuries. Legally, the majority view is that the injuries flow from the fire rather than independently from the discharge of a duty imposed by the fire.

As was said in the case of Glanz v. Chicago, M. & St. P. Ry. Co., 119 Iowa 611, 93 N.W. 575, 577:

"In attempting to extinguish the fire in question, plaintiff was in the strict line of her duty; and, if she acted with ordinary care and prudence, there is no reason, in justice or law, why she should not recover for the injuries received. Bound as she was by law to save herself from the consequences of defendant's negligence, the defendant should not be permitted to say that her act was entirely voluntary, and that the injuries she received did not follow proximately from its original wrong."

The judgment is affirmed.

JOHNSON, V. C. J., and ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.

HALLEY, C. J., and CORN and O'NEAL, JJ., dissent.

CORN, Justice (dissenting).

The parties stipulated the fire was set by defendant's train, spread to plaintiff's land and caused the damage alleged; attempting to arrest spreading of the fire plaintiff took his tractor and when nearly dark plowed a fire guard along his property; completing this task plaintiff started to drive his tractor to a place of safety and then return to assist in fighting the fire. As respects receiving the injury plaintiff testified:

"Q. Tell the court what happened at the time you were * * * just what happened * * * the way you were struck. A. Let me put it this way. I went over on the tractor and plowed a fire guard around the inside of the meadow and just completed it and turned around and started to put my tractor in a safe place to go and help them. I run over something, I don't know what, and it flew up and hit me in the eye."

The trial court reserved ruling upon defendant's demurrer to this cause of action, made upon the ground that defendant's negligence was not the proximate cause of plaintiff's injuries. Defendant stood upon the demurrer and the matter was submitted for consideration upon the written briefs. The court overruled the demurrer, and made findings of fact.

Based upon these findings the court concluded that the statute, 2 O.S.1951 § 748, places liability upon a railroad for all damages originating from operation thereof; when it set the fire originally defendant was bound to anticipate plaintiff's efforts to arrest the spread thereof; that he might use the method relied upon and that there was likelihood of his receiving injury therefrom; defendant was bound to know such natural events might result from its negligence, and so could not escape liability

upon the ground subsequent, independent events broke the chain of causation from the original wrongful act. The judgment appealed from was rendered upon the basis of such conclusions.

The trial court recognized, as does the majority opinion, that the rule of proximate cause has not heretofore been applied in this jurisdiction to a situation such as is here presented. The majority opinion directs attention to the divergent views of other courts which have considered the question, and adopts, as the rule in this state, the majority view that the injuries received resulted solely from the fire, rather than from the discharge of a duty imposed by the fire. No useful purpose is to be served by analysis of numerous decisions dealing with this problem. It is sufficient to state that in a proper case the rule announced by the majority opinion could be accepted with complete propriety.

However, I am unable to agree with the majority view based as it is upon the theory that equitably plaintiff should not be required to bear the loss resulting from his injury. No equitable considerations are involved. The only issue is whether defendant's negligence can reasonably and logically be determined to be the proximate cause of plaintiff's injury.

The propriety of the rule announced as an abstract principle is not to be questioned. But, it is my view that this decision wholly fails to recognize well founded and long established principles of law with reference to liability for negligence.

In 38 Am.Jur., Negligence, Sec. 56, the rule for determining proximate cause is stated as follows:

"* * * To constitute proximate cause there must be such a natural, direct, and continuous sequence between the negligent act and the injury that it can reasonably be said that but for the act the injury would not have occurred. The question is was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? Whether negligence was the proximate cause of an injury is determined according to natural and probable consequences rather than by the number of subsequent events which might occur. * * *"

See Mead v. Chickasha Gas & Electric Co., 137 Okl. 74, 278 P. 286; Magnolia Petroleum Co. v. Barnes, Adm'r, 198 Okl. 406, 179 P.2d 132. And section 57 of the same text states:

"The rule which has been stated and applied more often than any other test of proximate cause is that which determines an injury to be the proximate result of negligence only where the injury is the natural and probable consequence of the wrongful act or omission. It is not enough to prove that the accident is the natural consequence of the negligence. It must also have been the probable consequence. * * *"

Nor does the majority opinion recognize that the intercession of a new or efficient cause which produces an injury prevents the original negligence from being denominated the proximate cause. 38 Am. Jur., Negligence, Sec. 68, states the rule:

"* * * An act which only furnishes the opportunity for the infliction of an injury is not the proximate cause of the injury, where the latter occurs as the direct result of some intervening force. Thus, where a negligent act creates a condition which is subsequently acted upon by another unforeseeable, independent and distinct agency to produce the injury, the original act is the remote and not the proximate cause of the injury, even though the injury would not occur except for the act. * * *"

Measured in the light of the foregoing rules this situation appears as follows. In order to protect his property, plaintiff sought to arrest spreading of a fire set by defendant's negligence. The means by which he sought to accomplish this were reasonable and practical. Completing the

job at hand he turned away from the vicinity, ostensibly for the purpose of placing his tractor in a place of safety. While so engaged he drove the tractor over "something", which flew up and struck him.

The sole question is whether, as a matter of law, plaintiff's injury can be said to have been the direct or proximate result of defendant's negligence, or whether such negligence was too remote to be considered as the proximate cause thereof. Defendant reasonably could anticipate that its negligence would endanger plaintiff's property, and that he would exercise all necessary and reasonable methods and means to extinguish or control the fire and save his property. On this basis the possibility of injury occurring as a direct result of his being so engaged can be considered as a foreseeable and easily anticipated result of the original negligence.

However, it cannot be said with equal logic that one guilty of negligence is required to anticipate that injury may occur from some unknown and unidentified force not actively concerned with or identified as being a part of the result of defendant's negligence. The field of possibilities as to what might have happened to plaintiff is far wider than the reasonable probabilities defendant reasonably could be expected to foresee. Negligence may be, and often is, established solely by circumstantial evidence. But, no rule permits the circumstances relied upon to be established by speculation. Lawson v. Anderson & Kerr Drilling Co., 184 Okl. 107, 84 P.2d 1104.

To sustain plaintiff's theory, and the judgment based thereon, requires this court to unduly entend the doctrine of proximate cause to the point of saying that any injury, which occurs in a chain of events originally set in motion by defendant's negligence is to be considered as the natural and probable consequence thereof. This, in turn, requires any defendant to anticipate the reasonable probability thereof without consideration of intervening agencies and whether they bear some causal connection therewith. By extending the doctrine to such lengths to meet individual situations,

solely in an effort to alleviate the loss resulting from the injury received, most assuredly has significant and far-reaching results. The most obvious of these being that the rule of proximate cause is so extended that one chargeable with negligence is a positive insurer of the safety and well being of one who acts in response to the original negligence from the time the danger is apparent until he returns to the shelter of his own roof. In my judgment the doctrine should not be so extended.

For this reason I respectfully dissent.