**SISTEMAS URBANOS, INC., et al., Plaintiffs,**

v.

**Angelino LUGO RAMOS, et al., Defendants.**

**Civil No. 03–1653(JAG).**

United States District Court, D. Puerto Rico.

May 9, 2005.

Ruben T. Nigaglioni, Ruben T. Nigaglioni Law Offices, San Juan, PR, for Plaintiffs.

Ana M. Margarida–Julia, Jo–Ann Estades–Boyer, Maria Judith Surillo, Department of Justice Commonwealth of Puerto Rico, San Juan, PR, for Defendants.

## OPINION AND ORDER GRANTING PRELIMINARY INJUNCTIVE RELIEF

GARCIA–GREGORY, District Judge.

On December 14, 2004, plaintiff Sistemas Urbanos, Inc. ("Sistemas Urbanos") moved for the entry of preliminary injunctive relief enjoining defendants the Department of Transportation and Public Works ("DTPW"); Angelino Lugo Ramos ("Lugo"), in his official capacity as Regional Director for the DTPW; and Luis M. Trinidad Garay ("Trinidad"), in his official capacity as Executive Director for the DTPW (collectively "defendants"), from dismantling, removing, or destroying its street furniture installed in various municipalities throughout Puerto Rico (Docket Nos. 43, 48). On December 27, 2004, defendants filed an opposition (Docket No. 49). On December 14, 2004, the Court referred the motion to Magistrate–Judge Camille Velez–Rive for a Report and Recommendation (Docket No. 44). On January 20, 2005, after a hearing, the Magistrate–Judge recommended that the Court deny the preliminary injunction (Docket No. 63). On February 28, 2005, Sistemas Urbanos timely filed objections to the Report and Recommendation (Docket No. 67). For the reasons discussed below, the Court **REJECTS** the Magistrate–Judge's Report and Recommendation and **GRANTS** the preliminary injunction.

## FACTUAL BACKGROUND[1]

Sistemas Urbanos is a corporation organized and existing under the laws of Puer-

---

1. The relevant facts are taken from Sistemas Urbanos' motion for preliminary injunctive

to Rico with its principal place of business in San Juan, Puerto Rico. Sistemas Urbanos has executed contracts with various municipalities in Puerto Rico for the installation of street furniture in sidewalks and other areas controlled by the municipalities for the purpose of serving and informing the citizenship as well as displaying commercial advertising.

On November 19, 2004, Lugo filed an incident report with the Puerto Rico Police Department alleging that the street furniture located alongside Road No. 128 in the municipality of Yauco had to be removed because it was in violation of Puerto Rico Law. On December 10, 2004, Sistemas Urbanos was informed that the DTPW was adhering stickers to its street furniture located in the municipality of Ponce, indicating that they would be removed for violating Puerto Rico Law. Shortly thereafter, Sistemas Urbanos learned that defendants had placed similar stickers on its street furniture located in the municipalities of Bayamon, San Juan, Lajas, Caguas, Humacao, Sabana Grande, Arroyo, Arecibo, Loiza, Hatillo, Guayama, and Patillas. Furthermore, while placing the stickers, defendants have used a razor to cut them so as to make them more difficult to remove, possibly damaging the surface of each piece of street furniture. The physical damages are estimated at twenty-five thousand dollars ($25,000).

## DISCUSSION

### A. Standard for Reviewing a Magistrate–Judge's Report and Recommendation

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate–Judge for a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a).

relief (Docket Nos. 43, 48).

Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. See 28 U.S.C. § 636(b)(1). Since timely objections to the Magistrate–Judge's Report and Recommendation have been filed, the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. See United States v. Raddatz, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); Lopez v. Chater, 8 F.Supp.2d 152, 154 (D.P.R.1998).

### B. Standard for a Preliminary Injunction

An injunction has the effect of requiring a party either to do or refrain from doing something. "A preliminary injunction is effective pendente lite until a decision has been reached at a trial on the merits." 11A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2941, at 33 (1995). The First Circuit has outlined four factors that a movant must demonstrate before preliminary injunctive relief may issue.

A district court must weigh four factors: (1) the likelihood of the movant's success on the merits; (2) the potential for irreparable harm to the movant; (3) a balancing of the relevant equities, i.e., the hardship to the nonmovant if the injunction issues as contrasted with the hardship to the movant if interim relief is withheld; and (4) the effect on the public interest of a grant or denial of the injunction.

DeNovellis v. Shalala, 135 F.3d 58, 62 (1st Cir.1998). See also Gately v. Com. of

*Mass.,* 2 F.3d 1221, 1224 (1st Cir.1993); *Cohen v. Brown University,* 991 F.2d 888, 902 (1st Cir.1993); *Planned Parenthood League of Massachusetts v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981)(*quoting Women's Community Health Ctr., Inc. v. Cohen,* 477 F.Supp. 542, 544 (D.Me.1979)).

### C. Sistemas Urbanos' Objections to the Report and Recommendation

The Magistrate–Judge recommended that the preliminary injunction be denied because she found that Sistemas Urbanos had failed to show a likelihood of success on the merits by not establishing the exact location of each piece of street furniture. Thus, the Magistrate–Judge felt Sistemas Urbanos had failed to place her in a position where she could determine whether the location of each piece of street furniture is under the control of the DTPW or the particular municipality; the central issue in making the determination of whether the street furniture has been legally or illegally placed. Having reached that conclusion, the Magistrate–Judge did not continue to evaluate the remaining preliminary injunction pre-requisites.

Sistemas Urbanos objects by arguing that the testimony presented at the hearing established with sufficient precision that every single unit of street furniture placed by it in the named municipalities was located in an area under the municipalities' control, to wit, on the sidewalks or green areas next to the roadways running through urban areas. Because defendants chose not to present witnesses of their own at the hearing, then the testimony of Sistemas Urbanos' witnesses is uncontroverted and should have been accepted by the Magistrate–Judge as true for purposes of the preliminary injunction. Thus, Siste-

mas Urbanos argues that the facts of the case support its likelihood of success on the merits and that it is entitled to the preliminary injunction.

Upon *de novo* review of the record, the Court finds that Sistemas Urbanos sufficiently established the locations of the street furniture. There is uncontradicted testimony on the record that the units are located on the sidewalks or green areas at either side of the vehicular roadway in urban areas (*See generally* Docket No. 67, Exh. A). Defendants proffered no evidence and made no arguments to suggest otherwise.[2] Because these facts are not incredible and remain uncontroverted, the Court will accept them as true solely for purposes of Sistemas Urbanos' request for a preliminary injunction. *See, e.g., New Comm Wireless v. SprintCom, Inc.,* 213 F.Supp.2d 61, 64–65 (D.P.R.2002); *Cf. Quintana–Ruiz v. Hyundai Motor Corp.,* 303 F.3d 62, 75 (1st Cir.2002)("Generally, a jury may not reject testimony that is uncontradicted and unimpeached (directly, circumstantially, or inferentially) unless credibility is at issue . . ."); *Chicago, R.I. & P. Ry. Co. v. Howell,* 401 F.2d 752, 754 (10th Cir.1968)("The fundamental rule which makes the jury the sole judge of the weight and credibility of testimony is subject to the caveat that testimony concerning a simple fact capable of contradiction, not incredible, and standing uncontradicted, unimpeached, or in no way discredited by cross examination, must be taken as true."). Thus, as the Court considers each of the factors in the preliminary injunction test, it will do so departing from the premise that the street furniture in question is located on the sidewalks and green areas

---

**2.** In fact, defendants recognize that on at least road PR–128 the street furniture is on the

sidewalks (Docket No. 49 at 6).

adjacent to roadways running through urban areas.

### 1. Likelihood of Success on the Merits

Sistemas Urbanos argues that it is likely to succeed on the merits of its claims because Puerto Rico law gives control over the sidewalks and green areas at either side of the roads running through urban areas to the municipalities and it has valid contracts with the named municipalities to install its street furniture on certain locations. In its previous opinion in this matter, the Court was forced to interpret Puerto Rican law on whether the median strip dividing the road belonged to the municipal or the central government by comparing the statute to similar ones in other jurisdictions because of a lack of interpretation by the Puerto Rico Supreme Court. See Sistemas Urbanos, Inc. v. Lugo Ramos, 313 F.Supp.2d 35 (D.P.R. 2004). In this instance, however, the Court's inquiry is relatively simple inasmuch as the relevant statutes are clearly on point and the question of control over sidewalks has been decisively answered by the Puerto Rico Supreme Court.

. The Commonwealth Highways Administration, Maintenance, and Policing Act (the "Act") defines a "highway" as

[a]ny commonwealth public road for vehicular traffic constructed in accordance with any law of the Commonwealth of Puerto Rico or which, having been constructed by a Commonwealth or Federal agency or public corporation, or by a municipality, has been legally transferred to the Department of Transportation and Public Works for its custody and maintenance. A highway is composed of the roadway zone, the walk, the right of way, as well as bridges, drainage works, signs, signals, protective barriers and all the protective structures

necessary and convenient for the best vehicle traffic.

P.R. Laws Ann. 9 § 2102. The Act, when establishing DTPW's jurisdiction, makes no mention of sidewalks or even roads belonging to municipalities. Furthermore, the statute which establishes responsibility for maintenance of roads running through urban zones clearly states that "[t]he municipalities shall have jurisdiction over the two improved zones on both sides of such sections of roads and may fix the line for the construction of buildings and sidewalks in accordance with the provisions of municipal ordinances." P.R. Laws Ann. 9 § 13. The Supreme Court of Puerto Rico, in deciding liability for an accident that occurred on an urban sidewalk reiterated that the improved zones, including sidewalks and planters, at either side of roadways running through urban zones would be under the particular municipality's jurisdiction. See Perez v. Gobierno Municipal de Lares, 2001 T.S.P.R. 160 (Nov. 27, 2001); Velez v. La Capital, 77 D.P.R. 701 (1954). Thus, it is patently clear that, under the relevant statutes and caselaw, the locations of Sistemas Urbanos' street furniture are under the control of the municipalities and not the DTPW.

Defendants argue in opposition to the preliminary injunction that the plaintiffs are challenging the DTPW's, as well as the U.S. Department of Transportation Federal Highway Administration's authority to regulate advertisements and other signs placed within the highways' right-of-way. First they argue that pursuant to P.R. Laws Ann. 9 § 2501, no construction or structure is allowed at less than twenty-five (25) meters from the limits of the right of way of any highway. Section 2501, however, makes no mention of the type of structure involved here. Moreover, the statute refers to construction on private lands, making it inapplicable to municipal

lands.[3]

Second, defendants argue that §§ 2603 and 2605 of the Act authorize the DPTW to remove whatever constitutes an obstruction or invasion upon the highways that may affect traffic safety. Defendants have not shown, however, that the street furniture at issue here is in fact creating an obstruction on the roadway nor that it is, and how, affecting traffic safety. Furthermore, § 2603 authorizes the removal of works constructed without a permit from the DTPW and there is no indication that DTPW's permission is required to construct on municipal land. As long as the street furniture does not obstruct or impede vehicular travel on the roadway, the Court cannot find that the Act authorizes its removal by the DTPW.

Third, defendants argue that the preliminary injunction would restrain them from enforcing the Manual of Uniform Traffic Control Devices ("MUTCD"), 23 U.S.C. §§ 109(d), 114(a), 217, 315, and 402(a); 23 C.F.R. § 655; and 49 C.F.R. §§ 1.48(b)(8), 1.48(b)(33), and 1.48(c)(2). The MUTCD, however, is only applicable to "any highway project in which Federal funds [ ] participate...." 23 U.S.C. § 109(d). No evidence has been presented that the roadways at issue here were in fact constructed with the use of Federal funds. Thus the MTCD is also inapplicable.

Finally, defendants claim that plaintiff's street furniture is also in violation of the Uniform Signs and Advertisement Act ("USAA"), P.R. Laws Ann. 9 §§ 51–51*l*. The USAA, however, clearly exempt Sistemas Urbanos' street furniture from its regulations. Section 51d(j) states that the provision of the USAA do not apply to signs and advertisements in structures to be installed on the sidewalks which have been authorized by the particular municipality as long as certain conditions are met. P.R. Laws Ann. 9 § 51d(j).[4] Defendants have failed to show that those requirement have not been complied with. In any event, the USAA places the responsibility of its enforcement upon the Regulations and Permits Authority ("ARPE"), and not upon the DTPW. P.R. Laws Ann. 9 § 56b. Thus, the DTPW does not have jurisdiction under the USAA to remove Sistemas Urbanos' street furniture.

Therefore, the Court finds that Sistemas Urbanos. has met its burden of showing a likelihood of success on the merits of its claims.

2. *The Potential of Irreparable Harm if the Preliminary Injunction is Denied*

To establish irreparable harm, [ ] a plaintiff need not demonstrate that the denial of injunctive relief will be fatal to its business. It is usually enough if the plaintiff shows that its legal remedies are inadequate. If the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel.

*Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 18–19 (1st Cir.1996) (citations omitted). In this case, plaintiffs allege irreparable harm in the form of loss of market share as well as damage to its public image and its goodwill. There

---

**3.** The Court further notes that the terms of the statute are impracticable in urban areas as most if not all of the construction in Puerto Rico's urban areas does not comply with the statute since it is not located more than twenty-five meters from the roadway.

**4.** This particular provision exempting street furniture authorized by the municipalities was added to the statute by amendment in the year 2000. *See* Act No. 336 of September 2, 2000.

is testimonial evidence to the fact that several of Sistemas Urbanos' clients have expressed their concerns following defendants' actions and are considering cancellation of their contracts (*See* Docket No. 67, Exh. A at 149–151). This type of damage is not easily quantifiable or accurately measurable, thus, pursuant to *Ross–Simons*, irreparable harm must be presumed.

### 3. *The Balancing of Relevant Equities*

In this case, defendants have not shown that they are suffering or will suffer any hardships if the status quo is maintained and Sistemas Urbanos' street furniture remains in place while the parties' rights are finally established at the end of this litigation. Nor have they demonstrated that the street furniture in question is negatively affecting traffic safety along the island's roadways. Moreover, plaintiffs have stated that if they do not prevail on the merits of their claim, they will voluntarily remove the street furniture, saving the DTPW the expense of doing so itself.

Sistemas Urbanos, on the other hand, has presented testimony that it could lose its business if the Court does not enjoin the defendants from forcibly removing its street furniture. Therefore, it seems clear that the scales in the balance of hardships tip decisively in plaintiffs' favor.

### 4. *The Effect on the Public Interest*

The last factor to be considered is the effect that the granting of the preliminary injunction would have on the public interest. "This factor involves policy considerations that bear on whether the injunction should be granted." *Puerto Rico Conservation Foundation v. Larson*, 797 F.Supp. 1066, 1073 (D.P.R.1992).

Plaintiffs have entered into contracts with the different municipalities whereby they have gained certain rights. It is these contractual rights that Sistemas Urbanos seeks to preserve with its request for the preliminary injunction. The Public certainly has a keen interest in a person's ability to exercise its vested interests without impairment from the government. Thus, the public interest also favors the plaintiffs.

Therefore, Sistemas Urbanos has fulfilled all the pre-requisites to the issuance of preliminary injunctive relief.

## CONCLUSION

For the foregoing reasons, the Court **REJECTS** the Magistrate–Judge's Report and Recommendation and hereby **GRANTS** Sistemas Urbanos' request for a preliminary injunction.

Accordingly, defendants and/or their successors, agents, servants, employees, and attorneys, and those persons in active concert and participation with them, who receive actual notice of this Preliminary Injunction, by personal service or otherwise, be and are hereby **PRELIMINARILY ENJOINED**:

(1) from dismantling, removing, and/or destroying Sistemas Urbanos' street furniture installed on the sidewalks and green areas alongside roads running through urban zones in the municipalities of Ponce, Yauco, Bayamon, San Juan, Lajas, Caguas, Humacao, Sabana Grande, Arroyo, Arecibo, Loiza, Hatillo, Guayama, and Patillas; and

(2) from interfering with Sistemas Urbanos' contractual rights by placing stickers on or in any other manner defacing or damaging its street furniture.

IT IS SO ORDERED.